Alice A. **KILPATRICK**, Plaintiff,

v.

**E. H. SWEET et al., Defendants.**

**No. 65–377 Civ. T.**

United States District Court
M. D. Florida,
Tampa Division.

Jan. 6, 1967.

Charles R. Mayer, of Mayer & Breathitt, Lakeland, Fla., for plaintiff.

Jesse S. Hogg, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., for defendants.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

LIEB, District Judge.

This action arises under 6(d) (1) of the Fair Labor Standards Act, as amended, regarding prohibition against discrimination in wages between employees of the opposite sex doing equal work on jobs, the performance of which requires equal skill, effort and responsibility.

Plaintiff was employed by the Defendants prior to and subsequent to the effective date of 6(d) (1), (Equal Pay Act), which was June 11, 1964. The Plaintiff claims that during the period June 11, 1964, through July 22, 1965, a total of 57 weeks, she was discriminated against as prohibited by 6(d) (1) in that during this period she was paid $2.30 an hour, whereas a male employee, namely Lyndon Warren, was being paid $2.60 an hour.

The Defendants in their answer and at the trial have contended that the difference in pay between the Plaintiff, Alice Kilpatrick, and the male employee, Lyndon Warren, was not based on sex but that it was based on a difference in job responsibility, effort and skill, and in addition upon a de facto seniority system in effect at Home Builders Supply and Wholesale Builders Supply.

The Plaintiff in her Complaint alleged that there was discrimination under 6(d)(1) of the Act, as amended, from July 11, 1964, through July 22, 1965. The Defendants, while denying any discrimination at all, allege that even if there were discrimination prior to October 22, 1964, that it could not have continued thereafter since the male employee, Lyndon Warren, involved in the case left the comparison job on that date.

The Plaintiff contends that if there was discrimination prior to that date, that it nevertheless continued up until July 22, 1965, since the Plaintiff was still being paid only $2.30 an hour.

The parties have been afforded the opportunity to develop a record with respect to the applicability of 6(d)(1) of the Fair Labor Standards Act, as amended. A pretrial conference has been held. A trial was held on the case on October 4, 5 and 6, 1966, at which the Defendants made a Motion to Dismiss, which was denied. Briefs and oral arguments of the parties with respect to all pending matters have been considered.

In light of the foregoing, this Court makes the following findings of fact and conclusions of law concerning the applicability of 6(d)(1) of the Fair Labor Standards Act, as amended, to the facts of this case.

### FINDINGS OF FACT

The Plaintiff, Alice Kilpatrick, and the male employee, Lyndon Warren, are employees within the meaning of the Fair Labor Standards Act, as amended, and as such are covered by the provisions of 6(d)(1) of said Act.

The Plaintiff was employed by the Defendants on May 16, 1960, and worked until June, 1961. Plaintiff then commenced work again in October, 1961, and was employed by the Defendants until July 22, 1965.

Lyndon Warren, the male employee, was employed on September 4, 1958, and has been actively employed since that date by the Defendant, except for the period January, 1961, to June, 1961, when he was in the military service.

Lyndon Warren left the job which the Plaintiff alleged was comparable to hers on October 22, 1964, and took another non-comparable position with the Defendant.

During the period in question (June 11, 1964, to July 22, 1965) Plaintiff was paid at the rate of $2.30 an hour. During this same period Lyndon Warren was paid at the rate of $2.60 an hour.

The Plaintiff was employed by the retail division of the Defendant, Home Builders Supply, in the bookkeeping department, while Lyndon Warren was employed by the Wholesale Builders Supply as an assistant to Mr. Timothy Lamb, the Office Manager of the office employees of both Home Builders Supply and Wholesale Builders Supply. Both the Plaintiff and Lyndon Warren worked in the same building, although in separate offices.

Plaintiff is claiming $695.30 in back pay as a result of the alleged discrimination during the period in question, and in addition in accordance with her rights under the Fair Labor Standards Act, as amended, is claiming an equal amount in damages plus her attorneys' fees in connection with the case.

Testimony of the Plaintiff and the other witnesses at the trial shows that the Defendant did have a seniority system in effect and that this was a factor in determining wages paid to its employees.

Evidence introduced by Defendants at the trial shows that there were substantial differences in terms of skill and responsibility between the jobs performed by the Plaintiff and by Lyndon Warren. Lyndon Warren performed work as an assistant to the Office Manager, which required him to have an intimate knowledge of the employer's entire business plus a basic knowledge of accounting and double entry bookkeeping. This job further required him to

receive, disburse, safe keep and account for the Defendants' cash on hand in addition and, most importantly, his job required him to use his own independent judgment and discretion in many matters, including expenditures of large amounts of the employer's funds.

The Plaintiff, as the evidence at the trial disclosed, was very closely supervised in her work, was not given any responsibility comparable to that which the male employee, Lyndon Warren, had and was not required to exercise any self-directed judgment or discretion.

Testimony further introduced at the trial showed that the Plaintiff was offered Lyndon Warren's job when he left and that she turned the job down.

## CONCLUSIONS OF LAW

■ It is clear from the reading of the legislative intent behind 6(d) (1) that Congress intended it to apply to situations where there was discrimination based on sex and, if there were any other factors other than sex upon which a difference in wages was based, then no violation of the law could be found.[1]

■■ It is also clear from a reading of the legislative history that Congress intended the Plaintiff in a case as this to carry the burden of proof and to prove that the alleged discrimination under 6(d) (1) was based on sex.[2] This the Plaintiff failed to do.

■ From the testimony of the witnesses at the trial, it is clear that the Plaintiff did not sustain her burden of proof. In fact, the Defendants have shown through testimony that the 30 cent difference in pay was not based on the fact that the Plaintiff was a female. The facts show that the male employee, Lyndon Warren, had been employed with the Defendants for approximately two years longer than the Plaintiff and that the Defendants did have a de facto seniority system in effect at the time in question; that there were substantial differences in the work performed and the responsibility and skill involved between the jobs performed by the Plaintiff and Lyndon Warren. The sum total of the differences in work and longevity of service between the two employees certainly justified the difference in pay of thirty cents per hour. This is clear from a reading of the legislative intent, from the language of the statute itself and from the Administrative opinions of the Wage and Hour Administrator.

The pleadings, depositions, admissions on file, pretrial stipulation and evidence at the trial show that there is no genuine issue as to any material facts; that there was no discrimination within the meaning of 6(d) (1) and that the Defendants are entitled to a judgment as a matter of law. The Judgment entered on November 30, 1966, shall remain in full force and effect in all respects.

---

1. Congressional Record May 23, 1963, p. 9203, Mr. Griffin: (Congressman Robert T. Griffin, R. Mich.). "I should like to focus the attention of the gentlemen upon iv at the top of page 3 which makes it clear and explicitly states that a differential based on any factor or factors other than sex would not violate this legislative, in other words, even though jobs involved the same skill, equal effort, equal responsibility and are performed under the same working conditions, if there is any other factor, not based on sex, upon which a differential is based, then no violation of this law can be found."

2. "I should like to make it clear that the burden of proof to show a violation is on the Secretary of Labor; he must prove that any differential in pay which exists is actually based on sex, and he will have to sustain that burden of proof. I think this is a very important part of the legislative history." Congressman Griffin— Congressional Record of May 23, 1963, p. 9208.