Diane STEVENS, Appellant,

v.

WELCOME WAGON INTERNATIONAL, INC.

No. 16641.

United States Court of Appeals Third Circuit.

Argued Dec. 18, 1967.

Decided Feb. 28, 1968.

Irwin S. Lasky, Philadelphia, Pa. (Martin H. Philip, Palmerton, Pa., on the brief), for appellant.

Edward W. Madeira, Jr., Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellee.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

Appellant, Diane Stevens, instituted suit in the District Court against Welcome Wagon International, Inc. for damages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., alleging that the appellee was engaged in interstate commerce within the purview of the Act and, therefore, required to pay the minimum wage in effect between June 25, 1962 and January 4, 1963, the dates of appellant's employment. After a trial before the court, the District Court Judge found that appellant's employment was neither "in commerce" nor "in the production of goods for commerce" within the meaning of the Act and, further that she was not within the reach of the 1961 "Enterprise Amendments" to the Act. Stevens v. Welcome Wagon International Inc., 261 F.Supp. 227 (D.C.E.D.Pa.1966). Judgment having been entered for defendant, plaintiff appeals to this Court.

Appellee employed plaintiff as a hostess. After attending appellee's training school in New York from July 9, 1962 to July 20, 1962, appellant returned to her

home town of Hazleton, Pennsylvania and commenced her service. The testimony reveals that appellant used her home as her office for Welcome Wagon business. She used her own car and telephone and paid her expenses without reimbursement from appellee. Although appellant testified she worked many hours at her job, the record clearly indicates that she was under no compulsion to do so and her hours were her own. Her duties consisted of calling on business, civic and social establishments in the Hazleton area and explaining the service Welcome Wagon offered. Her purpose was to obtain service contracts with various establishments. If the contracts were accepted by appellee, appellant would then prepare a basket containing business cards and small gifts contributed by the business concerns and call on persons who were newcomers to the Hazleton area, families celebrating the birth of a baby, engagements and sixteenth birthdays. The purpose of these calls was to introduce persons to the various business places under contract with Welcome Wagon in the hope they would choose to purchase goods in these stores. Although appellant was one of over four thousand hostesses representing some forty thousand business establishments in approximately thirteen hundred communities throughout the United States, the evidence is clear that appellant's activities were highly localized and restricted by her employment contract to the greater Hazleton area.

In the course of her employment appellant obtained some ten written service contracts. Appellant's employment contract required that she submit daily, weekly and monthly reports to New York City and Memphis, Tennessee. Her agreement also provided that she would be compensated by receiving 50 per cent of the amount appellee billed the local business establishments for appellant's calls. Appellant alleges that she worked for twenty-seven weeks at an average of fifty hours per week. It is admitted that after she resigned her employment, she received a check from appellee for $33.39 representing full compensation for the total length of her employment.

In her appeal plaintiff claims the District Court erred in failing to find that she was engaged both in commerce and in the production of goods for commerce, in failing to find that she was within the expanded coverage contained in the 1961 "Enterprise Amendments" and in finding that appellee was entitled to a service establishment exemption under 29 U.S.C.A. § 213(a) (2).

In holding that appellant was neither engaged in commerce nor in the production of goods for commerce, the District Court followed Mitchell v. Welcome Wagon, Inc., 139 F.Supp. 674 (W.D.Tenn. 1954), affirmed per curiam, 232 F.2d 892 (6 Cir. 1956), a case involving the same basic facts as those presently before this Court. We have reexamined Mitchell in the light of appellant's objections and are of the view that the conclusions reached in that case are still the law today. The court in Mitchell stated:

"The employees involved in this action are engaged in local activities neither in the channels of commerce nor closely related to the movement of interstate commerce. These employees are not engaged in commerce within the meaning of the Act. McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538; Mitchell v. Household Finance Corp., 3 Cir., 208 F.2d 667; Billeaudeau v. Temple Associates, Inc., 5 Cir., 213 F.2d 707; Mitchell v. Joyce Agency, 7 Cir., 211 F.2d 241.

"The communications with Defendant's divisional offices, including the rare transmittal of the executory service contracts, are purely internal, and like the confidential daily reports sent to the subscriber, are incidental to the local services performed by the employee. The records, reports and the service contract have no value of their own. They are not Defendant's objective and Defendant does not sell them as goods. Their preparation and transmission incident to a business whose purpose does not comprise the production of goods at all, do not con-

stitute engaging in the production of 'goods.' Bozant v. Bank of New York, 2 Cir., 156 F.2d 787; Kelly v. Ford, Bacon & Davis, 3 Cir., 162 F.2d 555; Scholl v. McWilliams Dredging Co., 2 Cir., 169 F.2d 729; Mitchell v. Household Finance Corp., 3 Cir., 208 F.2d 667; Billeaudeau v. Temple Associates, Inc., 5 Cir., 213 F.2d 707.

"The Defendant's employees who prepare and transmit such records, reports and service contracts are not engaged in the production of goods for commerce within the meaning of the Act. Bozant v. Bank of New York, supra; Kelly v. Ford, Bacon & Davis, supra; Scholl v. McWilliams Dredging Co., supra; Mitchell v. Household Finance Corp., supra; Billeaudeau v. Temple Associates, Inc., supra." Mitchell v. Welcome Wagon, Inc., supra, 139 F.Supp. at page 679.

We realize that the Fair Labor Standards Act is to be given a liberal interpretation in favor of finding coverage and that the issue of whether an employee is engaged in commerce should be decided by applying practical rather than technical standards, Mitchell v. C. W. Vollmer & Co., 349 U.S. 427, 429, 75 S. Ct. 860, 99 L.Ed. 1196 (1954), but it is self evident on the record before us that appellant's activities were local in nature regardless of her postal communications with appellee's New York City and Memphis offices. Nor can we accept appellant's contention that she was engaged in the production of goods for commerce. See, Mitchell v. Welcome Wagon, Inc., supra, 139 F.Supp. at page 679 and cases cited therein.

Appellant's second contention is that she is employed by an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C.A. § 203(s) (3). That section provides:

"(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means any of the following in the activities of which employees are so engaged, including employees handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person:

"(3) any establishment of any such enterprise, except establishments and enterprises referred to in other paragraphs of this subsection, which has employees engaged in commerce or in the production of goods for commerce if the annual gross volume of sales of such enterprise is not less than $1,000,000;"

Appellant's argument fails to consider the important proviso which qualifies 29 U.S.C.A. § 203(s) (3) by providing:

" * * * That an establishment shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce, or a part of an enterprise engaged in commerce or in the production of goods for commerce, and the sales of such establishment shall not be included for the purpose of determining the annual gross volume of sales of any enterprise for the purpose of this subsection, if the only employees of such establishment are the owner thereof or persons standing in the relationship of parent, spouse, or child of such owner."

Beyond doubt appellant falls within the foregoing proviso and, therefore, was not covered by the 1961 "Enterprise Amendments." Although the Act does not define "establishment" its meaning is made manifest in 29 C.F.R. § 779.23 which provides:

"As used in the Act, the term 'establishment', which is not specially defined therein, refers to a 'distinct physical place of business' rather than to 'an entire business or enterprise' which may include several separate places of business. This is consistent with the meaning of the term as it is normally used in business and in government, is judicially settled, and has been recognized in the Congress in the course of enactment of amendatory legislation."

On the basis of the foregoing we can only conclude that appellant was not employed

by an enterprise engaged in commerce or in the production of goods for commerce and, therefore, appellee was not required to compensate her in accordance with the minimum wage provisions of the Fair Labor Standards Act.

Because of the result we have reached here, it is unnecessary for us to consider appellant's further argument that the District Court erred in applying the retail sales and services exemption.

The judgment of the District Court will be affirmed.