Eugene A. DeFIGUEIREDO, Plaintiff,

v.

TRANS WORLD AIRLINES, INC.,
Defendant.

No. 70 Civil 4421.

United States District Court,
S. D. New York.

Feb. 11, 1971.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a male flight purser employed by the defendant, Trans World Airlines, Inc. (TWA), commenced this suit as a class action on behalf of himself and other male pursers similarly situated, alleging that the defendant is discriminating against them and in favor of female flight cabin attendants, solely on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964[1] and the Equal Pay Act of 1963.[2]

TWA moves to dismiss on various grounds, the first and principal of which is for plaintiff's failure to exhaust the complaint and conciliation procedure specified in Title VII of the Civil Rights Act of 1964, which it is urged is a prerequisite to jurisdiction in this court.[3] In very broad terms, the Act requires that a charge of unlawful employment discrimination be filed initially with a state agency authorized to grant appropriate relief from the alleged discriminatory practice where such an agency exists, and after the case has been processed there for sixty days, or no action taken within that period, the charge may then be filed with the United States Equal Employment Opportunity Commission.[4] In the event the Commission determines after investigation that there is reasonable cause to believe the charge is true, it undertakes by informal methods of conciliation to eliminate the unlawful practice and to secure voluntary compliance by the employer, and should such efforts fail, the Commission notifies the complainant, who may within thirty days thereafter file suit in the United States District Court.[5]

It is technically correct that plaintiff in this action did not file his charges with the Equal Employment Op-

Schofield, Dienst & Allen, New York City, for plaintiff; Richard A. Dienst, New York City, of counsel.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for defendant; Robert L. Carter, Andrew Zelman, New York City, of counsel.

1. 42 U.S.C. § 2000e, et seq.

2. 29 U.S.C. §§ 206(d), 216, 217.

3. 42 U.S.C. §§ 2000e–5(e), (f).

4. 42 U.S.C. §§ 2000e–5(a), (b), (c), (d).

5. 42 U.S.C. § 2000e–5(e).

portunity Commission.[6] This failure, however, does not, in the circumstances here presented, bar the court's jurisdiction, since the matters at issue have already been processed before the EEOC upon a complaint filed by a hostess which revolved about TWA employment practices with respect to flight cabin attendants—a category that includes pursers and hostesses. There the Commission passed on issues presented by the hostesses which mirror precisely those now presented in a different light by the pursers. When the hostess' complaint was upheld and conciliation failed, suit was commenced against TWA and is now pending in this court—Maguire v. Trans World Airlines, Inc., 70 Civil 3947. As the defendant itself acknowledges, "[t]his action may thus be viewed as the obverse of Maguire v. Trans World Airlines, Inc. * * * in which female flight hostesses employed by TWA complain of unlawful discrimination because of allegedly more favorable treatment given to TWA male pursers allegedly because of their sex." In view of these prior proceedings, plaintiff's failure to file a complaint with the EEOC is not a fatal jurisdictional defect.[7]

The operative facts relating to plaintiff's claim of alleged discrimination in this action and those presented in the *Maguire* action are so interlaced and so inseparable that they present a single ultimate issue of whether the defendant's practices and procedures with respect to pursers and hostesses unlawfully discriminate against the pursers or the hostesses, or neither class.[8] The prior proceeding before the EEOC was initiat-

6. Plaintiff did file a complaint on August 19, 1970, with the New York State Commission for Human Rights and thus complied with the procedure established pursuant to 42 U.S.C. § 2000e-5(b). Upon the dismissal of such complaint on November 6, 1970, however, plaintiff did not renew his charges before the EEOC, as defendant contends he was required to do under 42 U.S.C. §§ 2000e-5(a) and (b), and instead filed a complaint with the district court on October 9, 1970.

7. Apart from the factual picture here presented, which indicates that the appropriate administrative procedure with respect to the claim was exhausted, it is, moreover, not as clear as defendant contends that filing a complaint with the EEOC is a sine qua non to the commencement of a suit in the district court. It has been observed that the legislative history of the bill is murky and that there are countervailing and sometimes contradictory arguments concerning the processing of a complaint. *Cf.* Johnson v. Seaboard Air Line R.R., 405 F.2d 645, 649–651 (4th Cir. 1968), cert. denied sub nom. Pilot Freight Carriers, Inc. v. Walker, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed. 451 (1969). In addressing himself to the specific issue at bar, Senator Javits, taking issue with Senator Ervin, stated:

"The Commission does not hold the key to the courtroom door. The only thing this title (Title VII) gives the Commission is time in which to find that there has been a violation and time in which to seek conciliation * * *.

"But Mr. President, that is not a condition precedent to the action of taking a defendant into court. A complainant has an absolute right to go into court, and this provision does not affect that right at all." 110 Cong.Rec. 14191 (1964).

And Senator Humphrey, sharing the same view, added: "The individual may proceed in his own right at any time. He may take his complaint to the Commission, or he may go directly to court." 110 Cong.Rec. 14188 (1964). Senator Humphrey's statement is particularly significant in view of the fact that the Supreme Court has relied on his interpretation, as the bill's floor manager in the Senate, in construing other provisions of the Act. *See* Hamm v. City of Rock Hill, 379 U.S. 306, 311, 85 S.Ct. 384, 13 L.Ed. 2d 300 (1964). For a thorough analysis of the statute's legislative history, *see* Vaas, Title VII: Legislative History, 7 B.C.Ind. & Comm.L.Rev. 431 (1966).

8. Several courts have held that filing with the Commission is not a prerequisite to joining a class action by a party whose rights under Title VII will be determined therein. Although the pursers and hostesses comprise separate classes, the respective determinations of their rights are inseparable. *Cf.* Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968); Moody v. Albemarle Paper Co., 271 F.

ed in May 1968, on a complaint filed by Margaret M. Maguire, a hostess employed by TWA, charging the airline (and also a union) with engaging in unlawful employment practices by discrimination against female flight cabin attendants as a class because of their sex. The hard core of the charge was a policy which favored the pursers over the hostesses solely on the basis of sex and without regard to a female's qualifications and capability to serve equally with the pursers.

■ In March 1970, the EEOC made a determination that reasonable cause existed to believe that TWA (and the union) had engaged in and was engaging in unlawful employment practices in violation of Title VII by segregating female flight cabin attendants and females as a class, and by discriminating against them with respect to hiring policy, promotion policy, compensation and seniority because of their sex. The conciliation process specified under the Act failed to secure voluntary compliance by TWA, following which the Commission, on August 20, 1970, notified the complainant, Margaret M. Maguire, that she was entitled to institute a civil action, whereupon she filed the suit, already re-

ferred to above as the "obverse" of this action. Thus, it appears that the complaint procedure and the conciliation process with respect to this plaintiff's very claims have been processed by the Commission but decided adversely to his position. The Commission's determination necessarily centered about the conflicting positions of the pursers and the hostesses. They were at counterpoint. In the circumstance, to require the pursers, before commencing this action, to file a complaint with the Commission and to await a sixty-day period, requires them to go through a futile ceremony. The law imposes no such requirement.[9] This is particularly so where no suggestion has been made that facts now exist which were not previously considered by the Commission and which may lead to a determination differing from its previous one on the same issue. Moreover, the volume of complaints filed with the Commission has been so great that delays beyond the statutory period for processing claims have frequently resulted.[10] In the circumstances here presented, to require plaintiff to file his individual complaint with the Commission with the expectation that within the policy of the Act it would endeavor to secure voluntary compliance by the

Supp. 27 (E.D.N.C.1967); Quarles v. Philip Morris, Inc., 271 F.Supp. 842 (E. D.Va.1967); Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D.Tenn.1966).

9. *See* Marsh v. County School Board of Roanoke County, 305 F.2d 94, 98 (4th Cir. 1962); McCoy v. Greensboro City Bd. of Educ., 283 F.2d 667, 670 (4th Cir. 1960); *cf.* City Bank Farmers' Trust Co. v. Schnader, 291 U.S. 24, 34, 54 S.Ct. 259, 78 L.Ed. 628 (1934); Montana Nat'l Bank of Billings v. Yellowstone County, 276 U.S. 499, 505, 48 S.Ct. 331, 72 L.Ed. 673 (1928); Jeffers v. Whitley, 309 F.2d 621, 627–628 (4th Cir. 1962); School Board of City of Newport News v. Atkins, 246 F.2d 325 (4th Cir.), cert. denied, 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed. 2d 63 (1957); School Board of City of Charlottesville v. Allen, 240 F.2d 59 (4th Cir. 1956), cert. denied, sub nom. School Bd. of Arlington County v. Thompson, 353 U.S. 910, 77 S.Ct. 667, 1 L.Ed.2d 664 (1957); Dermott Special School District

of Chicot County v. Gardner, 278 F.Supp. 687, 691 (E.D.Ark.1968).

10. *Cf.* Johnson v. Seaboard Air Line R.R., 405 F.2d 645, 653 (4th Cir. 1968), cert. denied, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969). "Pragmatically, the value of prerequisite filing [with the Commission] is questionable in view of the poor record of successful conciliations effected by the overburdened and understaffed EEOC over the past two years [1966–67]. The percentage of successful conciliations has decreased, and the trend continues in that direction—from a success rate of 69% in 1966 to 57% in 1967." Note, Employment Opportunity: Class Membership for Title VII Action not Restricted to Parties Previously Filing Charges with the EEOC, 1968 Duke L.J. 1000, 1006 (1968); *see also* Comment, Remedies Available to a Victim of Employment Discrimination, 29 Ohio St. B.J. 456, 476–79 (1968).

employer, if indeed it should find a violation as charged by plaintiff, is in effect requiring him and the Commission to participate in a charade.

■ Second, the defendant seeks dismissal of the complaint for lack of jurisdiction and for failure to state a claim under the Equal Pay Act of 1963.[11] The contention here is that while plaintiff seeks injunctive relief for threatened violations of the Act, such relief may be sought only by the Secretary of Labor (except when the alleged violations relate to child labor). The Equal Pay Act, however, does entitle plaintiff and members of his class to bring an action against the employer for loss of wages arising out of alleged violations of the Act.[12] The present complaint, while it well might have been more specific with respect to this claim, does seek recovery of money damages. In addition, an affidavit and memorandum by plaintiff's attorney allege that defendant's acts "have resulted in a furloughing of approximately fifty (50) pursers wherein their wages until the spring of 1971 will be lost." While this allegation cannot be considered part of plaintiff's complaint,[13] it is pertinent to plaintiff's claim, since the Act provides

that "* * * amounts owing to any employee which have been withheld in violation of this subsection [206(d)] shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter." [14]

Moreover, the discrimination attributed to the alleged disruption by the defendant of the plaintiff's seniority rights and of the merit system based on factors other than sex is a kind of discrimination prohibited by the Equal Pay Act.[15] The motion to dismiss for lack of jurisdiction of the claim under the Equal Pay Act of 1963 is denied.

The remaining grounds advanced for dismissal for lack of jurisdiction are also without substance. Since jurisdiction of the district court is vested under 42 U.S.C., section 2000e–5(f) upon which, among others, plaintiff grounds jurisdiction, it is unnecessary to pass upon defendant's contention that, because plaintiff's claim relates to private conduct rather than to a charge of deprivation of rights under color of state law, jurisdiction is lacking under 28 U.S.C., section 1343(4). So, too, it is unnecessary to consider the defendant's further claim that because plaintiff does not allege racial discrimination, jurisdiction fails under 42 U.S.C., section 1981.[16]

11. 29 U.S.C. §§ 206(d), 216, 217.

12. 29 U.S.C. § 216(b). *Cf.* Stevens v. Welcome Wagon International, Inc., 390 F. 2d 75 (3d Cir. 1968); Rural Fire Protection Co. v. Hepp, 366 F.2d 355 (9th Cir. 1966).

13. Plaintiff herewith is given leave to serve an amended complaint within twenty (20) days from the date hereof.

14. 29 U.S.C. § 206(d) (3).

15. Plaintiff apparently contends that since job classification based on factors other than sex is proper within the terms of the Act, eliminating such classification with respect to him solely on the basis

of sex is discriminatory. *Cf.* Shultz v. First Victoria Nat'l Bank, 420 F.2d 648, 654–659 (5th Cir. 1969); Wirtz v. Muskogee Jones Store Co., 293 F.Supp. 1034 (E.D.Okla.1968); Wirtz v. American Can Co.—Dixie Prods., 288 F.Supp. 14 (W.D. Ark.1968); Kilpatrick v. Sweet, 262 F. Supp. 561 (M.D.Fla.1967).

16. *See* Cupo v. Community Nat'l Bank & Trust Co. of New York, 438 F.2d 108, 2d Cir., Feb. 5, 1971; *cf.* Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876, 877 (2d Cir. 1952); Taylerson v. American Airlines, Inc., 183 F. Supp. 882, 884 (S.D.N.Y.1960).