**Eugene A. DE FIGUEIREDO, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., and Air Line Stewards and Stewardesses Association, Local 550, Transport Workers Union of America, AFL–CIO, Defendants.**

**No. 70 Civ. 4421.**

United States District Court, S. D. New York.

Dec. 7, 1981.

See also, 322 F.Supp. 1384.

Schofield & Dienst, New York City, for plaintiff; Richard A. Dienst, New York City, of counsel.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for defendant Trans World Airlines, Inc.; Herbert Prashker, Eric D. Witkin, Ronald Younkins, New York City, of counsel.

O'Donnell & Schwartz, New York City, for defendant Air Line Stewards and Stewardesses Assn., Local 550, Transport Workers Union of America, AFL–CIO; Asher W. Schwartz, New York City, of counsel.

OPINION

WYATT, District Judge:

This opinion sets out the reasons why an order is being directed to be entered dismissing the action for want of jurisdiction. The principal claim is based on Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq. and following; sometimes hereafter "Title VII" or "the EEOC Act"). There may be another claim meant to be suggested but which cannot be taken seriously; this seems to derive from the Equal Pay Act of 1963 (29 U.S.C. § 206; the "Equal Pay Act"). There is a reference to 42 U.S.C. § 1981.

1.

In this action, commenced on October 9, 1970, there has been a considerable procedural history. It is concluded, however, that there is no jurisdiction of the action and that judgment should be entered dismissing the action for that reason.

The action is now at issue on an amended complaint, filed March 15, 1971. This pleading is difficult to understand because it is in violation of Fed.R.Civ.P. 8(a) in that it is not a "plain statement of the claim". It appears that plaintiff, a male purser employed by defendant Trans World Airlines, Inc. ("TWA"), asserts that in some way TWA is discriminating against male pursers in favor of other employees of TWA who are female and classified as hostesses or (more recently) cabin attendants.

There is at least a suggestion in the amended complaint that a separate claim is being asserted under two separate statutes: under Title VII and under the Equal Pay Act. There is a reference to a third statute, 42 U.S.C. § 1981. There is only one count in the pleading, however, and the claims, if meant to be more than one, are jumbled together in violation of Fed.R.Civ.P. 10(b). It is apparent that the only claim which could possibly have any substance is that under Title VII.

### 2.

This action by male pursers is related to some extent to an earlier action in this Court commenced by female hostesses against TWA. The earlier action is *Maguire and others v. Trans World Airlines, Inc.*, 70 Civ. 3947. In the *Maguire* action, an order, filed February 16, 1971, permitted intervention as a plaintiff by Air Line Stewards and Stewardesses Association, Local 550, Transport Workers Union of America, AFL–CIO, sometimes referred to in short as "ALSSA" or "Local 550".

In April, 1971, De Figueiredo moved to consolidate his action and the *Maguire* action. TWA opposed the motion to consolidate on the ground that Local 550 was not a party to the *De Figueiredo* action.

De Figueiredo then in reply moved to join Local 550 as defendant in his action.

By order filed February 24, 1972, Local 550 was joined as a party defendant in the *De Figueiredo* action and the two actions were consolidated for all purposes.

Much later on May 16, 1975, an order was filed which, among other things, severed the *De Figueiredo* action (70 Civ. 4421) from the *Maguire* action (70 Civ. 3947) and since that date the two actions have been separate and independent. Local 550 remains technically a party defendant to the *De Figueiredo* action. No claim is asserted against it, however, and it has not found it necessary to file an answer.

### 3.

Long ago, defendant TWA moved to dismiss the action because admittedly plaintiff had never filed any charge with the Equal Employment Opportunity Commission ("the EEOC") and this Court was thus without jurisdiction under Title VII. Judge Weinfeld denied the motion on February 11, 1971, with an opinion reported in 322 F.Supp. 1384.

Some years later, an opinion and decision by Judge Platt in the Eastern District of New York were reported in *Bertheas v. Trans World Airlines, Inc.*, 450 F.Supp. 1069 (E.D.N.Y.1978). The decision of Judge Platt was that in the light of subsequent decisions of the Supreme Court and of our Court of Appeals, the decision of Judge Weinfeld in this action in 1971 was mistaken. An appeal was taken by Bertheas from the judgment entered on the decision of Judge Platt but was withdrawn and that decision became final.

TWA suggested that by reason of the later authoritative and contrary decisions, this Court should reconsider the result reached by Judge Weinfeld and should now dismiss this action for want of jurisdiction. An opportunity was given to counsel to submit anything desired in respect of the issues thus raised. TWA submitted a brief. There was no response from De Figueiredo.

### 4.

It is now established law that unless a timely charge is filed with the EEOC by an aggrieved employee, there is no jurisdiction in this Court of an action by that employee under Title VII. *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Alexander v. Gardner-*

*Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Forts v. Ward*, 621 F.2d 1210, 1215 (2d Cir. 1980); *Smith v. American President Lines, Ltd.*, 571 F.2d 102 (2d Cir. 1978); *Cates v. Trans World Airlines, Inc.*, 561 F.2d 1064 (2d Cir. 1977); *Goss v. Revlon, Inc.*, 548 F.2d 405, 406 (2d Cir. 1976), *cert. denied*, 434 U.S. 968, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977).

■ "Timely filing [of a charge with the EEOC] is a prerequisite to the maintenance of a Title VII action". *United Air Lines, Inc. v. Evans*, above cited, 431 U.S. at 555 fn. 4, 97 S.Ct. at 1887 fn. 4. The filing of a charge with the EEOC is one of the "jurisdictional prerequisites". *Alexander v. Gardner-Denver Co.*, above cited, 415 U.S. at 47, 94 S.Ct. at 1019. Never having filed any charge with the EEOC, De Figueiredo cannot invoke the jurisdiction of this Court. There is no jurisdiction of his Title VII claim.

5.

There is one reference in the amended complaint to 42 U.S.C. § 1981, a part of the civil rights legislation enacted after the end of the Civil War. The reference is in a paragraph dealing with the basis of jurisdiction of this Court and no attempt has been made to state any claim under 42 U.S.C. § 1981. In a memorandum of law filed November 20, 1970, by counsel for plaintiff and at a time when the action purported to be a class action, there is an indication that the reference in the amended complaint to 42 U.S.C. § 1981 was on the theory that some of the members of the purser class were aliens and that the civil rights laws protected aliens from discrimination. However this may be, there is no longer any class action and no class action averments. By order filed October 28, 1971, Judge Cooper denied that this action could be maintained as a class action and struck out all class action averments.

This action may not continue, therefore, simply because there is one reference in the amended complaint to 42 U.S.C. § 1981.

6.

■ If plaintiff is attempting to assert a claim under the Equal Pay Act, as may be the case, the claim is frivolous and cannot possibly justify a continuation of the action.

The Equal Pay Act forbids employers to discriminate by paying wages to employees of one sex at a rate less than that paid to employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility". (29 U.S.C. § 206(d)(1)) The plaintiff is a male purser complaining of some sort of discrimination in favor of female hostesses. If male pursers were being paid less than female hostesses for the same work, a possible claim might be visualized. But the amended complaint avers the contrary: "The wages paid to pursers are greater than the wages paid to hostesses for the reason that the work of pursers requires greater skill, effort and responsibility than that performed by hostesses." It is evident that plaintiff has himself demonstrated that he cannot possibly have a claim under the Equal Pay Act.

The Clerk of the Court is directed to enter judgment in favor of defendants dismissing the action, without costs to any party against the other.

SO ORDERED.