**JOSE LUIS PEREZ, JR., LYNN BRILEY, JOSE LUIS PEREZ, SR. and ALDA SHALOUT on behalf of themselves and all others similarly situated, Plaintiffs**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 1984/273

District Court of the Virgin Islands

Div. of St. Croix

February 5, 1986

RUSSELL B. JOHNSON, ESQ., St. Croix, V.I., *for plaintiffs*

LINDA D. HOPKINS, ESQ., Assistant Attorney General, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

In this motion for class certification we must decide whether maintaining this suit as a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since we find it is not, we will reserve our decision on class certification pending the outcome of a test case to determine whether the Government can be held liable in these cases.

## I. FACTS

The events which led up to this suit are now well known throughout the Virgin Islands and need not be repeated here.[1] In the tragic aftermath of the Dome collapse six to eight thousand people have been left without insurance coverage or with uncollectible claims against Dome insureds. In this suit the plaintiffs attempt to represent these groups in a class action. On September 14, 1984, the plaintiffs filed their complaint against the Government of the Virgin Islands. As amended on October 16, 1984, the complaint states causes of action for negligence, intentional tort, breach of contract, "violation of operating authority", and "third-party beneficiary". On November 14, 1984, the plaintiffs moved for class certification of three subclasses pursuant to Fed. R. Civ. P. 23(c)(4). These subclasses are:

> SUBCLASS I: Those persons owning policies of insurance issued by DOME INSURANCE COMPANY, INC., a domestic insurer, for which policies premiums were paid but not earned as coverage was not provided because of the cancellation of such policies by order of this Court on August 12, 1984.

> SUBCLASS II: Those persons insured by DOME INSURANCE COMPANY, INC., whose personal assets are in danger because of claims made against them and which, but for DOME's failure, would have been paid in whole or in part under the policy.

> SUBCLASS III: Those persons who have claims against persons insured by DOME INSURANCE COMPANY, INC., or against DOME INSURANCE COMPANY, INC., directly who cannot collect because of DOME's failure.

The Government opposed this motion. In this Court's order of December 20, 1984, we reserved our decision on class certification pending resolution of outstanding motions. We ruled on those motions on September 20, 1985, and heard oral argument for class certification on October 16, 1985. This issue is now ripe for decision.

---

[1] For a history of the events leading to the collapse of Dome Insurance Company, see Commissioner of Insurance of the Government of the V.I. v. Dome Insurance Co., Civ. No. 84-111, 1985 St. X. Supp. — (D.V.I. April 17, 1985), and In the Matter of the Insolvency of Dome Insurance Co., Civ. No. 84-111, 1984 St. X. Supp. — (D.V.I. September 4, 1984).

## II. DISCUSSION

■ We have an independent obligation to decide whether an action is properly brought as a class action, even where neither party moves for a ruling on class certification. McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559 (5th Cir. 1981).

■ After properly applying the relevant criteria, it is within our discretion to grant or deny a motion to maintain a class. Scott v. University of Delaware, 601 F.2d 76, 84 n.14 (3d Cir. ), cert. denied, 444 U.S. 931 (1979); Bogus v. American Speech & Hearing Ass'n., 582 F.2d 277, 289-90 (3d Cir. 1978); Wetzel v. Liberty Mutual Insurance Co., 508 F.2d 239, 245 (3d Cir.), cert. denied, 421 U.S. 1011 (1975). The relevant criteria to apply depend upon which facet of the class action determination is challenged. Katz v. Carte Blanche Corp., 496 F.2d 747, 756 (3d Cir.) (en banc), cert. denied, 419 U.S. 885 (1974).

■ Our first inquiry is whether the mandatory requirements of Fed. R. Civ. P. 23(a) have been met. If a class satisfies these mandatory requirements, we then must classify the class pursuant to Fed. R. Civ. P. 23(b). Katz at 756. Our task is compounded because we must apply the above analysis to each of the three proposed subclasses. In doing so we find that Subclasses II and III fail to satisfy the prerequisites of Rule 23(a). As to Subclass I, we find it fails to satisfy the requirements of Rule 23(b).

A) *Failure of Subclasses II and III To Satisfy the Prerequisites of Rule 23(a)*

Fed. R. Civ. P. 23(a) allows one or more members of a class to sue on behalf of a class only if:

> the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Initially we note that the plaintiffs have the burden of establishing the criteria of Rule 23(a). Bogus, 582 F.2d at 289. As to Subclasses II and III, the plaintiffs have satisfied requirements (1) and (4). With respect to requirements (2) and (3), the plaintiffs have failed and indeed cannot satisfy these requirements because no common question of law or fact exists among the members of the class.

■■ 1) *No Common Questions of Law or Fact*

The members of these proposed subclasses are holders, or are suing holders, of insurance policies written by Dome.[2] Analysis of the common question of law indicates that each individual plaintiff has unique circumstances which prohibits us from treating this group as a class. Specifically, all members of this group must show that they share a similar question of law with respect to their individual recoveries against the Government.

This inquiry involves a two-step process. First, to be successful in a suit against the Government these individuals must prevail in the underlying actions which create the insurer's duty to pay on the policy. Individual questions of law and fact exist as to this question since the majority of Subclasses II and III's claims are tort cause of actions based on negligence theories. For recovery in any given tort action based on negligence, the Dome insured must have been more negligent than the claimant in order for the claimant to recover. 5 V.I.C. § 1451(a) (1973). Whether or not contributory negligence can be asserted in any specific action cannot be decided en masse. While we agree that the Government's liability vis-a-vis the individuals in both classes would be decided most expeditiously by class action, the individuals themselves may or may not deserve or be liable for damages. We therefore find that the plaintiffs have failed to satisfy the prerequisites of Rule 23(a) as to Subclasses II and III. See also Alexander v. Gino's, Inc., 621 F.2d 71, 74 (3d Cir.), cert. denied, 449 U.S. 953 (1980) (District Court did not abuse its discretion in denying class certification in sex discrimination suit since class members claims were too "particularized").

■■ 2) *Claims and Defenses of Representative Class*

Since there is no common question of law or fact, the claims or defenses of the representative parties cannot be typical of the claims or defenses of the class. The named plaintiffs therefore fail to satisfy Rule 23(a)(3).

---

[2] The definition of a class is a matter within the broad discretion of a District Court. Battle v. Com. of Pa., 629 F.2d 269 (3d Cir. 1980), cert. denied, 452 U.S. 968 (1981) (and cases cited therein). Since Subclass III includes persons who have claims directly against Dome, they do not share common questions of law or fact with those persons who have claims against persons insured by Dome and cannot collect under these policies because of Dome's failure. We will therefore use our discretion and eliminate the first group, those with claims directly against Dome, from Subclass III. Since the plaintiffs have not satisfied their burden under Rule 23 as to this separate group, we will deny the motion to maintain the class action as to them.

211

B) *Failure of Subclass I To Satisfy the Requirements of Rule 23(b)*

The named plaintiffs for Subclass I have satisfied the threshold requirements of Rule 23(a) with respect to Subclass I. Similar to Subclasses II and III, Subclass I has satisfied the numerosity requirement and the requirement that the named plaintiffs will fairly and adequately protect the interests of the class. Additionally, Subclass I is similar to the other proposed subclasses in that analysis of whether or not there is a common question of law or fact is also a two-step process.

■ The first part involves the action against the Government. To be successful on this issue the plaintiffs must have a valid breach of contract claim against Dome. Subclass I differs from the other proposed subclasses in that no issue of contributory negligence exists as to the underlying issue involving the insurance contract. We therefore find that common questions of law and fact exist at both levels of the inquiry and that the prerequisites of Rule 23(a) have been satisfied.

■ Since the plaintiffs have satisfied the threshold requirements of Rule 23(a), we must next determine whether the class action is maintainable under one of the three categories of Rule 23(b). Katz, 496 F.2d at 756. In doing so we find the plaintiffs have failed to satisfy the requirements for any of the three categories.

Fed. R. Civ. P. 23(b) states:

> (b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The plaintiffs seek certification under Rule 23(b)(1) or (2). The Government at oral argument opposed class certification under any subclass and, in the alternative, suggested that if the Court is inclined to grant class certification the appropriate class would be under Rule 23(b)(3). Examining the three subcategories seriatim, we find this proposed class does not satisfy the requirements for any category of Rule 23(b).

1) *Rule 23(b)(1)*

In the instant case the plaintiffs seek recovery for damages and not equitable relief. As stated in Green v. Occidental Petroleum Corp., 541 F.2d 1335, 1340 (9th Cir. 1976):

In such cases ordinarily there is neither the risk under Rule 23(b)(1)(A) of "inconsistent or varying adjudications" which would "establish incompatible standards of conduct for the party opposing the class" nor adjudications impairing the rights of class members to protect their interests under (b)(1)(B) of Rule 23.

This analysis also applies to the present controversy and therefore, like Green, we will deny class certification under Rule 23(b)(1). See also Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 565 (2d Cir. 1968). (Eisen II).[3]

2) *Rule 23(b)(2)*

 In the alternative the plaintiffs seek certification under Rule 23(b)(2). Like Rule 23(b)(1), (b)(2) certification is inappropriate for suits in which the final relief relates exclusively or predominately to money damages. Advisory Committee Note 39 F.R.D. 69, 102 (1966). A number of cases, following this note, have held that (b)(2) was never intended to cover cases where the primary claim is for damages, but is only applicable where the relief sought is exclusively or predominately injunctive or declaratory. Lukenas v. Bryce's Mountain Resort, Inc., 538 F.2d 594, 595 (4th Cir. 1976) citing Eisen II. Rich v. Martin Marietta Corporation, 522 F.2d 333, 341 (10th Cir. 1975) (although party can seek money damages under Rule 23(b)(2), the primary relief sought must be injunctive or declaratory). Since the plaintiffs seek money damages, certification under Rule 23(b)(2) would be inappropriate. But see Wetzel, 508 F.2d at 250–51 (3d Cir. 1975) (once a District Court determines a suit that is brought in good faith for injunctive relief may be maintained under (b)(2), it is not required to redetermine that the suit be maintained under (b)(3) once it concludes on motion for summary judgment that changed conditions make injunctive relief inappropriate).

3) *Rule 23(b)(3)*

At oral argument the plaintiffs sought to avoid certification under subsection 23(b)(3), most likely to escape the expensive notice requirements which correspond to this category of certification. In the event we certified the class, the Government argued (b)(3) would be the most appropriate category. Since we hold the class does not fit into subsections (b)(1) or (b)(2), we now address whether

---

[3] The complete, tortured, history of this case is as follows. After the District Court dismissed the class action, the Second Circuit in Eisen held denial of class action status was appealable as a final order under 28 U.S.C. § 1291. 370 F.2d 119 (2d Cir. 1966), cert. denied, 386 U.S. 1035 (1967). In Eisen II, the Second Circuit reversed the dismissal of the class action. 391 F.2d 555 (2d Cir. 1968). On remand, an additional issue arose which led to Eisen III, 479 F.2d 1005 (2d Cir. 1973). This decision went up to the Supreme Court, 417 U.S. 156 (1973) which remanded the case ordering that the District Court dismiss the class as defined by them.

the class could fit within subsection (b)(3). We are guided in our inquiry by the Third Circuit's analysis in Katz.

In Katz, the Third Circuit stated that if a class action is maintainable only under Rule 23(b)(3), we must make two additional findings:

> (1) that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and
>
> (2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Katz, 496 F.2d at 756.

### a) *Predominance Finding*

■ The predominance finding requires at a minimum the identification of the legal and factual issues, common and diverse, and an identification of the class members to which those relate. Katz, 496 F.2d at 756. As stated before, we find common questions of law and fact exist for the members of Subclass I. It is clear to us that those common questions predominate over any diverse questions of law or fact.

### b) *Superiority Finding*

■■ Katz states that the superiority finding requires at a minimum:

> (1) an informed consideration of alternative available methods of adjudication of each issue, (2) a comparison of the fairness to all whose interests may be involved between such alternative methods and a class action, and (3) a comparison of the efficiency of adjudication of each method.

Katz, 496 F.2d at 757. The Court continued stating "[s]ince . . . a single case resulting in a judgment which will be given collateral estoppel effect against a losing defendant is in most Rule 23(b)(3) class actions an alternative available method, the comparative fairness and comparative efficiency of that method must be considered." Katz, 496 F.2d at 757. The Third Circuit also stated that the superiority finding must be looked at from the point of view:

> (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant . . . .

215

Katz, 496 F.2d at 760. Examining these six factors we find that a test case would be superior to a class action for resolution of this controversy.

With respect to the judicial system, it is axiomatic that a single test case would be more efficient than a class action. A single test case would not only conserve scarce judicial resources but also would be easier to manage. As for the potential class members, a finding for the defendant with respect to liability would probably discourage a large number of people from wasting time and effort pursuing claims against the Government because of the doctrine of stare decisis. Should the plaintiffs establish a cause of action then the class would receive notice that there is a judgment establishing liability and their decision to join or opt-out of the class will be an informed one.

As for the plaintiffs, postponing the class action determination until after they prove a cause of action should have no effect on the amount of their recovery or to the trial of their case. Additionally, the plaintiffs are saved the large expense of mailing notice to the respective class members. Moreover, should they first establish a cause of action it is within our discretion to order that the defendant bear the cost of the mailing.

The plaintiffs' attorney should also benefit from postponing the certification decision. It is safe to assume that an attorney would be required to devote more time and effort to the management and organization of a class action than to a single action. By postponing the certification decision, an attorney would conserve his own valuable time and resources prior to determining whether or not he has a legitimate action. Moreover, this delay should not discourage attorneys from pursuing class actions generally because attorneys prior to any case must make a preliminary determination as to the merits of the case. In those cases where liability is questionable, an attorney must take a calculated risk in pursuing a claim. Our ruling here should encourage more attorneys to represent parties with questionable claims since they could litigate liability prior to expending a great deal of energy on class management.

With respect to the general public, today's decision appears to be neutral as to them. We do not believe it will either help or harm them in any way.

As for the defendant, since it opposed class certification at oral argument, it should support our decision.

We note that our finding here is in accord with the Third Circuit's analysis in Amalgamated Workers Union of V.I. v. Hess Oil V.I. Corp., 478 F.2d 540, 543 (3d Cir. 1973) which held that the superiority requirement was intended to refer to the preferability of adjudicating claims of multiple-parties in one judicial proceeding and in one form rather than forcing each plaintiff to proceed by separate suit.

### 4) *Statute of Limitations*

■ As a final matter postponing class certification will not prejudice those members of Subclass I who have yet to intervene. The commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Chargon v. Fumero Soto, 462 U.S. 650, 656 (1983); Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 349–51 (1983); American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974).

## CONCLUSION

Since the plaintiffs have failed to satisfy the prerequisites for a class action with respect to Subclasses II and III, we will deny the motion for class certification as to them. We reserve our ruling for class certification as to Subclass I until the conclusion of a test case on the issue of the Government's liability.[4]

## ORDER

THIS MATTER came before the Court on motion of the plaintiffs seeking class certification of three subclasses pursuant to Fed. R. Civ. P. 23(c)(4). The Court having filed its memorandum opinion of even date herewith, now therefore it is

ORDERED:

THAT the requests for class certification for Subclasses II and III be, and the same, are hereby DENIED, and further

THAT the request for class certification for Subclass I be, and the same, is hereby RESERVED until the conclusion of a test case to determine whether or not the proposed class has a cause of action against the Government of the Virgin Islands.

---

[4] In all likelihood a full trial will not be needed since this issue could be resolved by summary judgment.