JOSE LUIS PEREZ, JR., LYNN BRILEY, ALDA SHALOUT
on behalf of themselves and all others similarly situated,
Plaintiffs

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 1984/273

District Court of the Virgin Islands

Div. of St. Croix

April 30, 1987

RUSSELL B. JOHNSON, ESQ., St. Croix, V.I., *for plaintiffs*

NORMAN JONES, ESQ., Office of the Attorney General, St. Croix, V.I., *for the Government*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

The question we face today is whether the Government of the Virgin Islands may be held liable for the negligent enforcement of the territory's insurance laws. We hold that it may not, and we dismiss the plaintiffs' complaint.[1]

## I. FACTS

Once again the collapse of the Dome Insurance Company ("Dome") brings its victims into our Court seeking monetary relief. The history of Dome's demise is well known to anyone familiar with the territory's recent history.[2] This test case is brought by Jose Perez, Sr., a member of the proposed class, who seeks the value of the premiums he paid to Dome for an automobile insurance policy which was rendered worthless upon Dome's collapse.

Perez alleges in his complaint that the Government negligently allowed Dome to operate its business in violation of the Virgin Islands Insurance Code. By way of summary judgment, he argues that liability should be imposed as a matter of law upon the Government for its failure to reasonably supervise Dome's activities.[3]

In its cross-motion for summary judgment, the Government argues that the statutory framework of the Virgin Islands Insurance Code cannot be read to impose a duty on it to protect Perez from the loss resulting from the collapse of Dome. We agree.[4]

## II. DISCUSSION

■ It is well established that the elements of a cause of action

---

[1] In an earlier opinion, Perez v. Gov't of the Virgin Islands, 109 F.R.D. 384 (D.V.I. 1986) ("Perez I"), we reserved decision on a motion to certify various proposed classes pending resolution of a liability test case. Today's decision makes resolution of that issue unnecessary.

[2] Perez I amply cites the cases which provide the history of the Dome scandal. See 109 F.R.D. at 386 n.1.

[3] Perez fails to raise his intentional tort, conspiracy, third party beneficiary claims in his motion for summary judgment. Therefore, we deem these counts abandoned. With respect to his contract claim, Perez cites us to Rousseau's monumental work, The Social Contract. Sadly, he does not refer us to any case which supports that theory, nor has our research uncovered any. We deem this ground without merit, though we credit his novel approach.

[4] Both parties incorporate by reference the facts before the Court in the prior cases involving the Dome collapse. Thus, no material facts are at issue and summary judgment is proper. Fed. R. Civ. P. 56.

for negligence are a duty, breach, legal causation and loss. Restatement (Second) of Torts § 281.[5] See e.g., Ono v. Applegate, 62 H.I. 131, 612 P.2d 533, 538 (Haw. 1980). Perez must meet his burden on each of the four elements in order to recover. Id. Thus, if we find that the Government owed Perez no duty, it is dispositive.

## A. *Statutory Duty*

Perez admits that the Virgin Islands Insurance Law does not create an explicit governmental duty, the breach of which constitutes negligence.[6] Such a duty, therefore, must be implied from the statute by this Court. Restatement, supra at § 285b.

■ Traditionally the duties involving the govenment's ability to govern are held to be duties to the public in general and not to individuals specifically.[7] State v. Superior Court of Maricopa County, 123 Ariz. 324, 599 P.2d 772, 785 (Ariz. 1979); Swanston v. Gov't of the Virgin Islands, 17 V.I. 158, 163 (Terr. Ct. 1980).[8] The usual exceptions to that rule being either where a statute is interpreted to protect a special class of plaintiffs; see e.g., Maricopa, supra, or where the facts of the case give rise to a special relationship between the government and the plaintiff. See e.g., Williams v. State, 34 Cal. 3d 18, 192 Cal. Rptr. 233, 664 P.2d 137 (Cal. 1983); Transijevich v. Hammond, 178 Ind. App. 669, 383 N.E.2d 1081 (Ind. App. 1978).

■■ The rule in cases where there is no allegation of a special relationship is that a statute will be interpreted to create a governmental duty vis-à-vis a special class, only where the statute at issue involves mandatory acts clearly for the protection of a

---

[5] The American Law Institute's Restatement on the Law is the rule of decision in the Virgin Islands absent local law to the contrary. 1 V.I.C. § 4 (1967).

[6] Perez does not assert a common law basis for the Government's duty. We note, however, that in such a case, the appropriate considerations would appear to be those enumerated in Davidson v. City of Westminster, 32 Cal. 3d 197, 185 Cal. Rptr. 252, 649 P.2d 894, 897 (Cal. 1982).

[7] The most common example of the application of this rule has been in the area of police protection. See e.g., Warren v. District of Columbia, 444 A.2d 1 (D.C. App. 1981); Chambers-Castanes v. Kings County, 100 Wash. 2d 275, 699 P.2d 451 (Wash. 1983); Marvin v. Chicago Transit Authority, 113 Ill. App. 3d 172, 68 Ill. Dec. 786, 446 N.E.2d 1183 (Ill. App. Dist. 1983).

[8] Additional examples of courts following the public duty rule are as follows: Chapman v. Philadelphia, 290 Pa. Super. 281, 434 A.2d 753 (Pa. Super. Ct. 1981); Bruttomesso v. Las Vegas Metropolitan Police Dept., 95 Nev. 151, 591 P.2d 254 (Nev. 1979); Florence v. Goldberg, 44 N.Y.2d 189, 404 N.Y.S.2d 583, 376 N.E.2d 763 (N.Y. 1978).

particular class rather than the public as a whole. Cracraft v. City of St. Louis Park, 279 N.W.2d 801, 807 (Minn. 1979). See also, Wilson v. Nepstad, 282 N.W.2d 664 (Iowa 1979). The analysis, therefore, is on a case by case basis.[9] Cf. Rich v. City of Mobile, 410 So. 2d 385, 387 (Ala. 1985); see e.g., Hicks v. Williams, 104 Ill. App. 3d 172, 60 Ill. Dec. 379, 432 N.E.2d 1279 (Ill. App. 5th Dist. 1982).[10] It directly centers upon the obligations imposed by the statute. Wilson, supra at 671, 672.

We recognize that numerous jurisdictions have rejected this public duty distinction where sovereign immunity has been waived. See e.g., Schear v. Bd. of County Comm. of County of Berglillo, 101 N.M. 671, 687 P.2d 728 (N.M. 1984), Ryan v. State, 134 Ariz. 308, 656 P.2d 597, 598 (Ariz. 1982).[11] For these courts, the analysis takes place strictly from the standpoint of foreseeability. See e.g., Schear, supra at 733; Coffey, supra at 138.

We, however, do not choose to follow these cases. We agree with the Cracraft court that the public duty/special duty distinction is a "basic tenet of negligence law"; 279 N.W.2d at 804, especially where a governmental duty claimed is said to arise from a statute. Restatement, supra at §§ 286, 288. We do not believe that the legislature intended to create a new cause of action for plaintiffs such as Perez by virtue of having abolished the territory's sovereign

---

[9] The approach is analogous to the determination of whether a violation of a statute constitutes negligence per se. Frederick v. Thomas, 578 F.2d 513, 517 (3d Cir. 1978). In such cases, courts recognize the distinction between a statute which protects the public at large and those which protect a class specifically. See e.g., Cecile Indus. v. United States, 793 F.2d 97, 99 (3d Cir. 1986) (interpreting Pennsylvania law).

[10] We note that some courts have held that a duty may be imposed for the benefit of an individual or group where the acts or omissions complained of were discretionary in nature. See e.g., Maricopa County, supra at 786 (citing Tchereprin v. Franz, 570 F.2d 187 (7th Cir. 1978) cert. denied, 439 U.S. 876 (1978) (interpreting Illinois law)). However, we believe that those cases exemplify the necessity of a case by case, statute by statute approach, therefore, there is no need to adopt a general rule. See e.g., In re Southern Indus. Banking Corp., 49 B.R. 811, 816 (E.D. Tenn. 1985); Madsen v. Borthick, 658 P.2d 627, 631 (Utah 1983) (governmental supervision of financial institutions which included the exercise of discretionary functions qualifies as a governmental function to which statutory immunity attaches).

[11] Additional examples of courts rejecting the public duty doctrine are: Martinez v. Lakewood, 655 P.2d 1388, 1390 (Colo. App. 1982); Brennan v. Eugene, 285 Or. 401, 591 P.2d 719 (Or. 1979); Coffey v. City of Milwaukee, 74 Wis. 2d 526, 247 N.W.2d 132 (Wis. 1976); Adams v. State, 555 P.2d 235, 241 (Alaska 1976) (superceded by statute Wilson v. Municipality of Anchorage, 665 P.2d 569, 571 (Alaska 1983)).

223

immunity in 33 V.I.C. § 3408. Accord, Dunbar v. United States Steelworkers, 100 Idaho 523, 602 P.2d 21, 44 (Idaho 1979), cert. denied, 446 U.S. 983 (1980). We also do not think that the legislature intended what would amount to be an eradication of executive discretionary immunity.[12] See e.g., Santangelo v. State, 103 Misc. 2d 578, 426 N.Y.S.2d 931, 933–934 (N.Y. Ct. Cl. 1980).[13]

Our concern, therefore, will be the actual framework of the statute involved. Where it can be said that a statute's scheme is ministerial in nature and lends itself to the imposition of a governmental duty via a special class, one is more likely to be found. Where, however, the statutory framework is mostly discretionary, and appears only to be for the protection of the public in general, we will be less likely to impose a duty. We now turn to the statute in the case sub judice.

## B. *Virgin Islands Insurance Code*

The Code explicitly announces that the duty of preserving the "integrity" of the insurance business is upon the *"insurer, the insured and their representatives"*, 22 V.I.C. § 2 (emphasis added). It rejects the notion that the Government is primarily responsible for the insurance business. The Government has obligations since it controls the statute's enforcement mechanisms. See generally, 22 V.I.C. §§ 51–164, 201–209. However, its duties are both mandatory and discretionary.

Under the Code's scheme, the Commissioner is mandated to revoke an insurer's certificate of authority to conduct business upon a finding of a violation of the statute's provisions. 22 V.I.C. § 212(1). He or she is also required to certify to the attorney general when there is cause to believe of such a violation of the title. 22 V.I.C. § 55.

However, within the same framework, the Commissioner has the discretion whether or not to conduct investigations or to invoke his

---

[12] Conceptually, the question of immunity is best resolved after the issue of negligence has been resolved. Williams v. State, supra at 139. However, at this point in our discussion, the two concepts overlap and interrelate. See e.g., Hudleasco v. State, 90 Misc. 2d 1057, 396 N.Y.S.2d 1002, 1005 (N.Y. Ct. Cl. 1977).

[13] The overwhelming majority of the Virgin Islands tort claim act is modeled after the New York Court of Claims act. Decisions of New York courts interpreting that statute are, therefore, persuasive authority. McBean v. Gov't of the Virgin Islands, 19 V.I. 383, 387 (Terr. Ct. 1983) (citations omitted).

or her enforcement authority. 22 V.I.C. § 53(c).[14] For example, section 102 provides that:

> For the purpose of ascertaining its condition, or compliance with this title, the Commissioner may as often as he deems advisable examine the accounts, records, documents, and transactions of—
>
> . . .
>
> (4) any person engaged in or proposing to be engaged in or assisting in the promotion or formation of a domestic insurer, or an insurance holding corporation, or a stock corporation to finance a domestic mutual insurer or the production of its business.

22 V.I.C. § 102; see also 22 V.I.C. § 51 (authority to conduct hearings).

The consequence is that the Commissioner is obligated to revoke an insurer's license upon a discovery of a violation, but he or she is not statutorily mandated to conduct the investigations which might lead to such discoveries. Thus, we view with skepticism any attempt to imply a governmental duty owed to plaintiffs such as Perez, or other potential plaintiffs, who may be Dome claimants.[15]

If the statute's provisions made the Commissioner's investigatory duties mandatory, it might be said that policyholders such as Perez could rely upon the Government's duties, and be foreseeable victims of the Government's failure to conduct those investigations.[16]

---

[14] 22 V.I.C. § 53(c) provides in relevant part:

The Commissioner may—
(1) make reasonable rules and regulations for effectuating any provision of this title;
(2) conduct investigations to determine whether any person has violated any provision of this title;
(3) conduct examinations, investigations and hearings in addition to those specifically provided for, which are useful and proper for the efficient administration of any provision of this title . . . .

[15] We view the adoption of the Virgin Islands Guaranty Association Act, on March 7, 1984, 22 V.I.C. §§ 231–247, an indication that the Insurance Code was never intended to make the Government a secondary insurer for policyholders and claimants of insolvent insurers.

[16] In State v. Superior Court of Maricopa County, supra, the Arizona Supreme Court reached the opposite holding on a similar question. However, the statute in that case was explicit in that the state's corporations commission's duty was to protect the interest of the state's thrift depositors. 599 P.2d at 786. In the case at bar, the Virgin Islands Insurance Code does not so provide.

Absent such provisions, the Government may not be held liable for breach of duties it was never mandated to perform.[17]

■ Since Perez cannot establish a duty running to him by virtue of the Virgin Islands insurance laws, he cannot succeed on his negligent claim. His complaint, therefore, will be dismissed.

## III. CONCLUSION

For the foregoing reasons, we hold that the Government may not be held liable for the loss incurred by policyholders such as Perez which result from the collapse of the Dome Insurance Company. Summary judgment will issue in favor of the Government.[18]

## SUMMARY JUDGMENT

THIS MATTER is before the Court on the cross-motions of the plaintiff, Jose Luis Perez, Sr., and the defendant for summary judgment. Having filed an opinion of even date herewith, and the premises considered, now therefore, it is

ORDERED and ADJUDGED:

THAT the motion of Jose Luis Perez, Sr., for summary judgment be, and the same, is hereby DENIED.

It is further ORDERED:

THAT the motion of the Government of the Virgin Islands for summary judgment be, and the same is hereby GRANTED, and further

THAT the plaintiffs' complaint is DISMISSED WITH PREJUDICE.

---

[17] Even if we were to hold that the Government owed a duty to plaintiffs such as Perez, we would be inclined to deny liability on public policy grounds given that recovery by potential members of the class which Perez belongs, would place a great burden upon the Government's treasury. See Coffey, supra at 140.

[18] Since this matter is a designated test case brought by the plaintiffs, the Government's motion will be granted with respect to each of the plaintiffs.