**RICHARD V. FISHER and KATHRYN A. FISHER, Plaintiffs**

**v.**

**CHRIS BEHAN and AMERICAN YACHT HARBOR, INC., Defendants**

Civ. No. 752/1992

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 2, 1997

Vincent A. Fuller, Esq., St. Thomas, U.S.V.I., *for Plaintiffs*

Marshall A. Bell, Esq., St. Thomas, U.S.V.I., *for Defendant American Yacht Harbor, Inc.*

Warren Williams, Esq., St. Thomas, U.S.V.I., *for Defendant Behan*

MEYERS, *Judge*

### MEMORANDUM OPINION

THIS MATTER came before the Court on Defendant American Yacht Harbor, Inc.'s ("Yacht Harbor") Motion for Partial Summary Judgment. This action involves a claim by Plaintiffs Richard and Kathryn Fisher ("the Fishers") that Yacht Harbor should be liable for injuries they sustained during an alleged attack by Defendant Chris Behan ("Behan"). To rule on the Motion for Summary Judgment, the Court must decide two related issues. The first is whether Defendant Yacht Harbor owed a duty to the Plaintiffs to protect them against the alleged criminal attack by Behan (or any

10

other party for that matter) and, if so, whether Defendant Yacht Harbor failed in its duty. After reviewing the parties' pleadings, motions and supporting documentation, the Court concludes there existed no duty to protect the Fishers against the alleged criminal attack by Behan. Further, even *assuming arguendo* that a legal duty was owed to the Fishers by Defendant Yacht Harbor, the Court finds that said duty was not breached because the attack by Defendant Behan was not foreseeable. For these reasons, Defendant Yacht Harbor's Motion for Partial Summary Judgment will be granted and the Fishers' Complaint against Defendant Yacht Harbor will be dismissed.

## FACTS

At all relevant times herein, Plaintiffs Richard and Kathryn Fisher lived aboard their boat, the M/V "Dram-buoy," which was moored at "B" dock of American Yacht Harbor, Inc.'s marina on the eastern end of St. Thomas, U.S. Virgin Islands. Kathryn Fisher was employed by Yacht Harbor as a marina manager. Richard Fisher was self-employed, but rented space at the marina and, on occasion, did work for Yacht Harbor as an independent contractor.

On the evening of June 1, 1992, there was a party on the M/V "Pubikini," a boat also moored at "B" dock, American Yacht Harbor. At approximately 11:30 p.m., Plaintiff Kathryn Fisher ("Mrs. Fisher") called out to revellers aboard the "Pubikini" from the Fishers' boat and requested that they be quiet. [Deposition of Kathryn Fisher at page 7]. Around 12:30 to 1:00 a.m., Mrs. Fisher dressed, got off their boat, and once again asked the revellers on "Pubikini" to be quiet. [Deposition of Kathryn Fisher at pages 8, 9]. Mrs. Fisher subsequently left "Dram-buoy" a second time, around 2:00 a.m., in a third attempt at quieting the boisterous revellers aboard "Pubikini." [Deposition of Richard Fisher at page 7].

Around 4:00 a.m., Plaintiff Richard Fisher ("Mr. Fisher") disembarked "Dram-buoy" because he was disturbed by Defendant Behan, who was standing on "B" dock and loudly calling after his dog. [Deposition of Richard Fisher at page 7]. Mr. Fisher approached Behan, and walked approximately fifty (50) feet until he was within arms length of Behan. [Deposition of Richard Fisher at page 9]. Mr. Fisher apparently confronted Behan after which Behan

11

allegedly punched him in the face. [Deposition of Kathryn Fisher at pages 25, 26]. Seeing her husband fall after being punched, Mrs. Fisher again disembarked "Dram-buoy"—ostensibly to render aid to Mr. Fisher. Before she could reach Mr. Fisher, Mrs. Fisher was bumped and/or pushed into the water. [Deposition of Kathryn Fisher at pages 26, 27]. Both Mr. and Mrs. Fisher claim they sustained bodily injuries and other damages as a result of the alleged attack on them by Defendant Behan.

Chris Behan was not a tenant at the marina prior to June 1, 1992. Plaintiffs have produced no evidence that Defendant Yacht Harbor received any complaints about Behan's conduct or behavior prior to the alleged incident.

## DISCUSSION

■ In the absence of local laws to the contrary, the American Law Institute Restatements of Law are the rules of decision in the Virgin Islands. V.I. CODE ANN. tit. 1, § 4 (1957). If the Restatement does not govern, we look to the common law as it is generally applied and understood throughout the United States. *Id.*

■ In an action for negligence, the plaintiff must allege facts which, if proven, would show that the defendant (1) owed a duty to protect the plaintiff from injury, (2) failed to perform that duty, and (3) the plaintiff sustained injury as a result of the defendant's failure to perform his/her duty. *See* RESTATEMENT (SECOND) OF TORTS §§ 281, 328A,(1965); *See also Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Perez v. Government of the Virgin Islands,* 23 V.I. 220, 222 (D.C.V.I. 1987). The plaintiff must meet his/her burden on each element in order to prevail. *Id.*

■ In this case, Plaintiffs seek to hold Defendant Yacht Harbor liable for Defendant Behan's actions by asserting that Defendant Yacht Harbor had a legal duty to protect them. As a general rule, however, a party has no duty to protect another from a deliberate criminal attack by a third person. *Faheen By Hebron v. City Parking Corp.* 734 S.W.2d 270, 272 (Mo. App. 1987). The law recognizes an obligation to protect another only when there exist special circumstances or a special relationship between the actor and the other. RESTATEMENT (SECOND) OF TORTS § 315 (1965); *Turbe*, 938 F.2d at 429.

12

"Such relationships include innkeeper/guest, common carrier/ passenger, school/student, . . . *but do not include the landlord/tenant relationship.*" *Keennan v. Miriam Foundation*, 784 S.W. 2d 298, 302 (1990) (Simon, C.J., and Dowd, J., concurring) (*citing Faheen by Hebron v. City Parking Corp.*, 734 S.W. 2d 270, 272 (Mo. App. 1987) (Emphasis provided); RESTATEMENT (SECOND) OF TORTS §§ 314A, 302B, cmt. (e)(b)(1965). Before considering whether special circumstances exist, the Court will define the nature of the relationship between Defendant Yacht Harbor and the Fishers.

"The relationship of landlord and tenant generally arises from an agreement, or lease, which may either be express or implied, pursuant to which one person—the tenant or lessee— enters into possession or occupancy of the premises of another— the landlord or lessor—for consideration, usually the payment of rent." *Worthen v. Rushing*, 307 S.W.2d 890 (Ark. 1957). On the other hand, a guest is "a *temporary sojourner* who for a price paid, or to be paid, is furnished with either food or lodging or who is received for the purpose of being so served. *One who makes an inn his home permanently or under a special contract for a long period is a boarder and not within the definition of a guest.*" *Greenaway v. Johnson*, 13 V.I. 481 (Terr. Ct. 1977), *citing* 9 SAMUEL WILLISTON ON CONTRACTS, THIRD EDITION § 1066 (1967)(Emphasis added). In relationships such as innkeeper/guest, school/student and common carrier/passenger, the relationship alone gives rise to a duty. The standard for imposing liability in a landlord/tenant situation is different. Rather, that relationship *plus other elements* may give rise to a duty to protect. *Faheen*, 734 S.W.2d at 272.

In the instant case, Yacht Harbor entered into a written, one-year dock usage agreement with the Fishers for the space described as Slip #16, "B" dock, American Yacht Harbor, St. Thomas, U.S. Virgin Islands. The relationship between the Fishers and American Yacht Harbor bore all the characteristics of a landlord/tenant relationship. Specifically, the Fishers rented and possessed the area of Slip #16 for an extended period of time. They exercised dominion and control over that area. They were "in possession." They lived there. Moreover, Defendant Yacht Harbor was the Fishers' landlord even though Mrs. Fisher worked for

13

Yacht Harbor and Mr. Fisher rented space to operate his plumbing business. "Where an employee's occupancy of premises owned by his or her employer is not a mere incident to the service, the relation of landlord and tenant exists even though the rental is satisfied with service." *Huus v. Ringo*, 39 N.W.2d 505, 511 (N.D. 1949). Finally, in the parties' pleadings and motions, Plaintiffs and Defendant Yacht Harbor readily concede there existed a landlord/tenant relationship. Since the landlord/tenant relationship does not, in and of itself, give rise to a duty to protect another against criminal attack, the Court must evaluate whether special circumstances existed to give rise to such duty. *Faheen*, 734 S.W.2d at 272.

■ Under the special facts exception, a duty to protect a party from attack by a third person may arise where a third party is known to be violent or has conducted himself so as to indicate a dangerous propensity, and sufficient time exists to prevent the injury. *Irby v. St. Louis Country Cab Co.*, 560 S.W.2d 392 (Mo. App. 1977); *Scheibel v. Hillis*, 531 S.W. 2d 285, 288(Mo. 1976); RESTATEMENT (SECOND) OF TORTS § 348 (1934). In this case, Behan was a first-time visitor to the Yacht Harbor Marina. He was not known to anyone connected with Yacht Harbor prior to his arrival on June 1, 1992, the date of the alleged incident. He did nothing that would put anyone, including the Fishers and Defendant Yacht Harbor, on notice that he possessed a propensity for violent or criminal behavior. [Affidavit of Kim Kindlau at page 3, pg. 19]. Further, there had not been a single incidence of assault by a stranger on Yacht Harbor's docks. [Deposition of Kathryn Fisher at page 80, lines 20, 21]. As such, no facts existed to put Defendant Yacht Harbor on notice that the attack by Behan was a foreseeable risk of the Fishers utilizing the Marina.

■ Although Plaintiffs allege "numerous instances of crime" committed on Defendant Yacht Harbor's property prior to this incident, the only evidence the Fishers offer is Mrs. Fisher's unsupported and self-serving Affidavit identifying eight incidents of boat theft spanning a two-year period. In order to impose an obligation to protect another under the "special facts" exception, there must be *"prior specific incidents of violent crimes on premises that are sufficiently numerous and recent* to put the defendant on notice,

14

either actual or constructive, that there is a likelihood third persons will endanger the safety of defendant's invitees. Moreover, the incident causing injury *must be so sufficiently similar in type to prior specific incidents occurring on the premises that a reasonable man would take precautions to protect his invitees against that type of activity"*. [Emphasis provided]. *Keenan v. Miriam Foundation*, 784 S.W. 2d 898 (Mo. App. 1990); *Faheen*, 734 S.W. 2d at 270. The absence of any reported or alleged incidents of assaults on Defendant Yacht Harbor's property precludes a finding it was on notice that the attack on the Fishers was foreseeable. "It is only upon proper proof that a landlord unreasonably enhanced or ignored the risk of criminal activity by failing to take reasonable measures to safeguard the tenants from *foreseeable* criminal conduct, and a showing of suitable notice . . . can a tenant recover damages." [Emphasis provided]. *Trentacost v. Brussel*, 412 A.2d 436, 440 (N.J. 1980). Consequently, this Court finds that the attack on the Fishers by Behan was unforeseeable.

■ A court may grant summary judgment only when the evidence of record "shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (1987); *See Hersch v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986). However, as to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 618 (3d Cir. 1987) (Becker, J., concurring) (*citing Anderson*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 377, 324 (1986).

■ In this case, both Yacht Harbor and the Fishers allege having no knowledge, or reason to believe that Behan possessed a violent or criminal disposition. The element of foreseeability is central to the issue of whether Yacht Harbor owed a duty to protect the Fishers, and constitutes an essential element of the Plaintiffs' case.

15

In order to defeat a motion for summary judgment based on a duty predicated on foreseeability, Plaintiffs must necessarily produce uncontroverted, corroborated evidence, above and beyond the pleadings, demonstrating to the Court that a genuine issue of material fact does exist in that regard.

■ Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file and such a motion, whether or not accompanied by affidavits will be "made and supported by this rule" so that the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e) (1987). Plaintiffs have not met their evidentiary burden with respect to this material issue. Accordingly, Yacht Harbor's Motion for Partial Summary Judgment will be granted.

## CONCLUSION

For the reasons stated herein, this Court finds that no genuine issue as to any material fact pertaining to Defendant Yacht Harbor's liability has been established. Accordingly, pursuant to Rule 56(a), (c) of the Federal Rules of Civil Procedure, Defendant's Motion for Partial Summary Judgment will be granted, and Plaintiffs' complaint as against Defendant Yacht Harbor will be dismissed.

DATED: July 2, 1997

## PARTIAL SUMMARY JUDGMENT

In accordance with the accompanying Memorandum Opinion of even date, it is ORDERED that pursuant to Rule 56(a), (c) of the Federal Rules of Civil Procedure, Defendant American Yacht Harbor, Inc.'s Motion for Partial Summary Judgment be and the same is hereby GRANTED; and it is further ORDERED that Plaintiffs' complaint as against Defendant American Yacht Harbor, Inc. be and the same is hereby DISMISSED.

DATED: July 2, 1997