HOTEL AND RESTAURANT EM-PLOYEES AND BARTENDERS IN-TERNATIONAL UNION, AFL-CIO, et al., Respondents, Appellants,

v.

Ana DEL VALLE et al., Petitioners, Appellees.

No. 6133.

United States Court of Appeals First Circuit.

March 6, 1964.

Jonas B. Katz, Cincinnati, Ohio, with whom Brown & Gettler, Cincinnati, Ohio, was on brief, for appellants.

Ginoris Vizcarra, San Juan, P. R., with whom Sarah Torres Peralta, Federico Rodriguez Pagan and Torres Peralta & Vizcarra, San Juan, P. R., were on brief, for appellees.

Before WOODBURY, Chief Judge, and MARIS * and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The Puerto Rico local of the Hotel and Restaurant Employees and Bartenders International Union, AFL-CIO, found itself in the trusteeship of its International Union. The eighteen months presumptive period, section 304 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 464(c), having expired, certain members of the local brought a petition in the district court against both unions praying for dissolution of the trusteeship. Petitioners requested substantial interim relief, including the appointment of a monitor and the ordering of an election, under his supervision, of new directors of the local. Following a hearing on an order to show cause the district court denied all other interim relief, but appointed a monitor with authority to conduct "the election of the officers and the Board of Directors of the union who are to take over its affairs upon the termination of the present trusteeship * * *." The monitor was further to "supervise * * * the complete cessation of the trusteeship immediately upon the election and installation of the said officers and Board of Directors."

Respondents did not object to the order insofar as it involved the cessation of the trusteeship (in fact they so stipulated), but they did complain of and now appeal from, the court's assumption of

* Sitting by designation.

authority to appoint a monitor and thus supervise the election.

Appellees raise, at the outset, the question of our jurisdiction. Appellants state that jurisdiction is based upon 28 U.S.C. § 1292(a) (1), asserting that the court's order in effect constituted the granting of an injunction. Their position is that implicit in the order appointing a monitor to supervise "the" election was an implied directive that there be no election not so supervised.

While we believe that implied injunctions are not readily to be found it is nevertheless difficult not to envisage appellants' interpretation of the district court's order as the practical one, or to think that any responsible union would have believed itself free to adopt a contrary course. Therefore, while we caution counsel in other cases not to take this one broadly, we do think that in "substantial effect" (Ettelson v. Metropolitan Life Ins. Co., 1942, 317 U.S. 188, 192, 63 S.Ct. 163, 87 L.Ed. 176) there was an injunction here.

Turning to the merits, appellees assert that the district court has equitable powers,[1] and that such include the appointment of a monitor. While monitorships may be an acceptable equitable device, see Monitors: A New Equitable Remedy? 70 Yale L.J. 103 (1960), the record discloses no special reasons for invoking that relief here. Indeed, none are even alleged. The court seems to have proceeded on the basis that the burden was upon respondents to show the contrary. We cannot infer from a statute containing no such affirmative provisions that the appointment of a monitor to supervise an election in connection with the dissolution of a trusteeship is automatic.[2] The fact that petitioners had statutory authorization to bring a suit for termination of the trusteeship (we are persuaded by Judge Watkins'

excellent analysis in Executive Board, Local Union No. 28, I. B. E. W. v. I. B. E. W., D.C.Md.1960, 184 F.Supp. 649) does not go to the merits of the relief.

Judgment will be entered vacating that portion of the court's order appointing a monitor and directing an election. Final judgment to be entered in accordance with this opinion.

---

1. "The rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies at law or in equity." 29 U.S.C. § 466.

2. The statutory scheme would appear to be the reverse. Cf. 29 U.S.C. §§ 482, 483.