KING, Circuit Judge,
concurring in part' and dissenting in part.
While I agree that the stay should be dissolved, I would affirm the class certification. I write separately for two reasons: to explain my position on the dissolution of the stay, and because my friends of the panel majority have erroneously reversed the portion of the district court’s class certification order that is on appeal.
I.
First of all, .1 support the prompt dissolution of the stay pending appeal which we placed on the district court proceedings on October 14, 2005. In my view, the district court proceedings involving the defendants who are non-parties to this appeal — the accounting firm of Cherry, Bekaert & Holland, L.L.P. (“CBH”) and the law firm of Moore & Van Allen; PL.L.C. (“MVA”)— should proceed unimpeded by the panel majority’s ruling, which relates solely to the Finova Capital Corporation (“Finova”).
The district court, by its certification order, certified three separate subclasses in this class action, which is being pursued by plaintiffs who purchased notes from The Thaxton Group, Inc. (“TGI”), a business now in bankruptcy. Subclass 1 involves the TGI noteholders’ claims under the federal securities laws against Finova and CBH; Subclass 2 involves claims under the federal securities laws against MVA only; and Subclass 3 involves state tort claim's against both Finova and MVA. Following the district court’s ruling, Fino-va, CBH, and MVA each sought permission to appeal, the certification order and a stay of the- district court proceedings. After successfully negotiating settlement agreements with the representative plaintiffs on Subclass 2 and on those aspects of Subclasses 1 and 3 relating to them, CBH and MVA moved separately to dismiss their appeal proceedings and withdraw their stay requests. On October 6, 2005, we granted CBH’s motion to withdraw its pending motions and dismissed its petition for permission to appeal. By order of October 7, 2005, we granted MVA’s motion for, voluntary dismissal of its petition for permission to appeal and its motion for a stay pending appeal, and we dismissed its appeal.[1] '
*193 Thereafter, on October 14, 2005, we granted Finova’s petition for permission to appeal and its stay request, and entered the order staying the district court proceedings during Finova’s appeal. As a result, the settlements negotiated by CBH and MVA with the class representatives (encompassing Subclass 2 and parts of Subclasses 1 and 3) have not been consummated. See Fed.R.Civ.P. 23(e) (requiring district court approval for settlement of claims asserted by certified class). Moreover, the separate adversary bankruptcy proceeding in the district court, which was initiated against Finova on behalf of TGI noteholders, has come to a halt.
Our panel rules today on the merits of Finova’s appeal, and we have appropriately entered a separate order dissolving the stay of the district court proceedings. Because the stay is being vacated, the adversary bankruptcy proceeding may now go forward, and CBH, MVA, and the representative plaintiffs are free to seek consummation of their negotiated settlements.[2]
II.
As noted above, however, I disagree with the panel majority’s decision to reverse the certification order. Put simply, application of the proper standard of review should carry the day in this appeal, because we “should not interfere with a district court’s ruling on class certification unless we find an abuse of discretion.” McClain v. S.C. Nat’l Bank, 105 F.3d 898, 902 (4th Cir.1997). As I see it, the panel majority has made two critical errors in deciding to upend the certification order. First, it has incorrectly concluded that the district court abused its discretion by not properly weighing the adversary bankruptcy proceeding in its superiority analysis. Second, in failing to remand to the district court for its reconsideration of the superiority issue, the panel majority has usurped the district court’s role in class certification proceedings.
A.
To begin, the panel majority has, in my view, incorrectly concluded that the district court erred in its superiority analysis by failing to properly consider the adversary bankruptcy proceeding. In so doing, the panel majority has misconstrued the relationship between the class action proceedings at issue in this appeal and the adversary bankruptcy proceeding pending in the district court. The plaintiffs, who are purchasers of notes from TGI, initiated the class action on behalf of themselves and similarly situated TGI noteholders (collectively, the “noteholders”). Their lawsuit seeks to hold Finova, which allegedly controlled TGI, jointly and severally liable for misrepresentations TGI made in the notes’ registration statements, and also for Finova’s use of TGI to operate a Ponzi scheme. In the adversary bankruptcy *194 proceeding, by contrast, a committee representing the noteholders (the “Committee”) seeks to subordinate Finova’s claim on TGI’s assets to those of the notehold-ers, and ultimately to recover from TGI, not Finova. Put simply, the class action proceedings and the adversary bankruptcy proceeding are fundamentally different, and the existence of one does not supplant the necessity for the other.
In concluding that the class action proceedings are not superior to the adversary bankruptcy proceeding, the panel majority presents a false choice for the resolution of the controversy at issue here. According to its opinion, the adversary bankruptcy proceeding provides an obvious outlet for the controversy embodied in the class action as certified, and the district court abused its discretion by not properly considering the availability of the adversary bankruptcy proceeding in its superiority analysis. The adversary bankruptcy proceeding — which concerns only whether Fi-nova must wait behind the noteholders in line for TGI’s assets — will not, however, resolve the separate controversy underlying this appeal, that is, whether Finova is directly liable to the noteholders.[3] And neither the pendency of the adversary bankruptcy proceeding nor the panel majority’s decision precludes the noteholders from individually suing Finova on the claims now being decertified. That the same conduct underlies the claims asserted on the noteholders’ behalf in both venues seems, to me, beside the point. See ante at 191 n.5. The district court simply was not, when it ruled on the class certification issues, compelled to decide whether to allow the class action to go forward alongside the adversary bankruptcy proceeding. Rather, as the court properly recognized, it was presented with a choice between class action proceedings and thousands of individual lawsuits.
For .these reasons, -the mere possibility that the adversary bankruptcy proceeding might one day extinguish the noteholders’ direct claims against Finova is not relevant to the superiority analysis in this case. The crucial point, in my view, is the absolute certainty that the noteholders’ direct claims against Finova will be extinguished when the applicable limitations period expires. As the plaintiffs emphasize, vacating the district court’s certification order as to Finova will require each TGI note-holder to file a separate lawsuit in order to preserve his claims against Finova. And I am aware of no authority for a district court to dismiss these approximately 4000 individual lawsuits[4] by directing the note-holders to the adversary bankruptcy proceeding. Yet the panel majority’s superiority analysis fails to address the prospect for — and potential impact of — such repetitive litigation, the only other method available for adjudicating the controversy presented in this appeal. See ante at 190 n.3.
The district court appropriately understood the choice presented to it (ie., class action proceedings or thousands of parallel *195 lawsuits) and decided, in its discretion, that class action treatment (to the extent certified) was the superior method for a fair and efficient adjudication of the controversy between the noteholders and Finova. See Fed.R.Civ.P. 23(b)(3); Amalgamated Workers Union v. Hess Oil V.I. Corp., 478 F.2d 540, 543 (3d Cir.1973) (recognizing that superiority requirement “was intended to refer to the preferability of adjudicating claims of multiple-parties in one judicial proceeding ... rather than forcing each plaintiff to proceed by separate suit”). In these circumstances, its ruling on this point was not an abuse of its discretion, and the class certification order should be affirmed.
B.
Quite apart from my view that the district court was within its discretion in making its superiority determination, the panel majority has arrogated unto itself the discretion vested in the district courts on class certification issues. Although our review of a trial court’s class certification ruling is for abuse of discretion only, see ante at 190, the panel majority has nevertheless decided, in the first instance, that a class action proceeding is not superior to the adversary bankruptcy proceeding. See ante at 191 -192; see also, e.g., id. at 192 (“The fact that the relief sought in the two actions differs slightly is not enough to persuade us that the class action is superi- or.” (emphasis added)). Put simply, the scope of our deferential review does not, in my view, authorize us to supplant the role of the district court. If the district court somehow erred (and I am unable to agree that it did) in not properly considering the adversary bankruptcy proceeding in its superiority analysis, our remedy should be to vacate and remand, providing the court with the opportunity to first address the superiority issues under the appropriate rubric.
With all respect," I dissent on the merits and concur in our dissolution of the stay.

. Finova’s petition for permission to appeal was originally docketed here as No. 05-337, CBH's as No. 05-338, and MVA’s as No. OS-339. As noted above, Nos. 05-338 and OS-339, as to CBH and MVA, have been dismissed.

. For at least three sound reasons, the opinion of the panel majority should not, in my view, prejudice further settlement proceedings involving CBH and MVA. First, Subclass 2 and those portions of Subclasses 1 and 3 certified against CBH and MVA are not at issue in this appeal. Second, CBH and MVA have abandoned their efforts to appeal the certification order. Third, the panel majority's analysis, which relies on the availability of the adversary bankruptcy proceeding, has no application to those aspects of the certification order relating to CBH and MVA, because CBH and MVA are not involved in the bankruptcy proceeding.

. Importantly, it is uncertain whether the Committee will prevail in its equitable subordination claim even if it can establish Fino-va’s liability under the securities laws. See ante at 191 n.5 (noting that "a finding that Finova is liable [under the securities laws] would likely be sufficient to put Finova behind the noteholders in the line for TGI's assets” (emphasis added)); see also 11 U.S.C. § 510(c)(1) (providing that bankruptcy court "may” subordinate claims "under principles of equitable subordination”); EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir.2005) (observing that equitable determinations are discretionary).

. At oral argument, plaintiffs' counsel represented, without contradiction, that there are approximately 4000 TGI noteholders, with approximately 6700 potential claims.